**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2616
_____

JUNE RODGERS, individually and as administrator of
the Estate of Christian Phillip Nolan Rodgers,
Appellant

v.

GOVERNOR CHRISTOPHER JAMES CHRISTIE, in his individual and
official capacity; CHRISTOPHER S. PORRINO, in his individual
and official capacity; LAURA AND JOHN ARNOLD FOUNDATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1:17-cv-05556)
Hon. Joseph H. Rodriguez, United States District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 5, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*

(Filed: March 6, 2020 )
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

June Rodgers's son was tragically murdered, allegedly by a man who days before had been granted pretrial release by a New Jersey state court. She brought products liability claims against the foundation responsible for the Public Safety Assessment (PSA), a multifactor risk estimation model that forms part of the state's pretrial release system.[1] The District Court dismissed the complaint, concluding that the PSA is not a "product" under the New Jersey Products Liability Act (NJPLA). We agree and therefore will affirm.

## DISCUSSION[2]

The NJPLA imposes strict liability on manufacturers or sellers of certain defective "product[s]." N.J. Stat. Ann. § 2A:58C-2. But the Act does not define that term. To fill the gap, the District Court looked to the Third Restatement of Torts, which defines "product" as "tangible personal property distributed commercially for use or consumption" or any "[o]ther item[]" whose "context of . . . distribution and use is sufficiently analogous to [that] of tangible personal property." App. 6 (quoting Restatement (Third) of Torts: Products Liability § 19(a) (Am. Law Inst. 1998)). It had good reason to do so, as New Jersey courts often look to the Third Restatement in deciding issues related to the state's products liability regime. *See, e.g.*, *Myrlak v. Port Auth. of N.Y. & N.J.*, 723 A.2d 45, 48 (N.J. 1999); *Lewis v. Am. Cyanamid Co.*, 715 A.2d 967, 975, 979 (N.J. 1998); *Boyle v. Ford Motor Co.*,

---

[1] Rodgers also sued two New Jersey officials, who were later dismissed without prejudice, as well as the PSA's "chief architect," App. 29, who is not at issue in this appeal.

[2] As we write only for the parties, who are familiar with the background of this case, we need not reiterate the factual or procedural history. Because the Supreme Court of New Jersey has not answered the precise question we confront in this appeal, we must "predict how that court would decide the issue." *Murray v. United of Omaha Life Ins. Co.*, 145 F.3d 143, 145 (3d Cir. 1998).

942 A.2d 850, 853–54, 860–61 (N.J. Super. Ct. App. Div.), *cert. denied*, 960 A.2d 393 (N.J. 2008); *Mathews v. Univ. Loft Co.*, 903 A.2d 1120, 1126–27 (N.J. Super. Ct. App. Div.), *cert. denied*, 911 A.2d 69 (2006).[3] And on appeal, both parties agree the Third Restatement's definition is the appropriate one. We therefore assume that to give rise to an NJPLA action, the "product" at issue must fall within section 19 of the Third Restatement.

The PSA does not fit within that definition for two reasons. First, as the District Court concluded, it is not distributed commercially. Rather, it was designed as an "objective, standardized, and . . . empirical" "risk assessment instrument" to be used by pretrial services programs like New Jersey's. N.J. Stat. Ann. § 2A:162-25(c)(1). Rodgers makes no effort to challenge this conclusion in her briefing and has thus forfeited the issue. *In re Wettach*, 811 F.3d 99, 105 (3d Cir. 2016). Second, the PSA is neither "tangible personal property" nor remotely "analogous to" it. Restatement (Third) of Torts: Products Liability § 19(a). As Rodgers' complaint recognizes, it is an "algorithm" or "formula" using various factors to estimate a defendant's risk of absconding or endangering the community. App. 30. As the District Court recognized, "information, guidance, ideas, and recommendations" are not "product[s]" under the Third Restatement, both as a definitional matter

---

[3] Some state court decisions note the NJPLA was "based, in part, upon the Restatement (Second) of Torts." *E.g.*, *Mathews*, 903 A.2d at 1127 (citing *Dewey v. R.J. Reynolds Tobacco Co.*, 577 A.2d 1239 (N.J. 1990)). But whether we look to the Second or Third Restatement makes little difference here. The Second, like the Third, imposed strict liability on sellers of defective "product[s]." 2 Restatement (Second) of Torts § 402A(1) (Am. Law Inst. 1965). And its commentary makes clear that the term refers to "chattels," *id.* § 402A cmt. a, such as "an automobile, a tire, an airplane, a grinding wheel, a water heater, a gas stove, a power tool, a riveting machine, a chair, [or] an insecticide," *id.* § 402A cmt. d. *See Chattel*, Black's Law Dictionary (rev. 4th ed. 1968) ("[a]n article of personal property; . . . [a] thing personal and movable"). If anything, therefore, the District Court's reliance on the Third Restatement was more favorable to Rodgers, as the Third Restatement recognizes that at least some intangible items may qualify as products.

and because extending strict liability to the distribution of ideas would raise serious First Amendment concerns. App. 7–8 (citing Restatement (Third) of Torts § 19 cmt. d). Rodgers's only response is that the PSA's defects "undermine[]" New Jersey's pretrial release system, making it "not reasonably fit, suitable or safe" for its intended use. Appellant's Br. 18–19 (quoting N.J. Stat. Ann. § 2A:58C-2). But the NJPLA applies only to defective *products*, not to anything that causes harm or fails to achieve its purpose.

Rather than engaging with the definition of "product," Rodgers argues the District Court erred in another respect: by considering itself bound by our decision in *Holland v. Rosen*, 895 F.3d 272 (3d Cir. 2018), which rejected a federal constitutional challenge to New Jersey's nonmonetary pretrial release system, *id.* at 278–79. Indeed, she calls that the "sole issue[]" before us. Appellant's Br. 2. But the District Court properly cited *Holland* twice, both times for general and uncontested propositions about "the PSA and how it works." App. 8–9. And because Rodgers identifies no other reason why the District Court erred in concluding the PSA is not a "product" under the NJPLA, we agree with its decision to dismiss her complaint.[4]

## CONCLUSION

For the foregoing reasons, we will affirm the District Court's order dismissing the complaint.

---

[4] Accordingly, we need not consider the District Court's alternative holding that Rodgers's complaint failed to plausibly plead proximate causation.